**Sumlut BAN HTOI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71133.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2008.

Filed Dec. 19, 2008.

Martha Lorena Cordoba, Esquire, Counsel, Attorney at Law, San Francisco, CA, Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ila C. Deiss, Assistant U.S., Office of the U.S. Attorney, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Because the parties are familiar with the facts and procedural history of this matter, we will not repeat them here. An adverse credibility finding must be supported by a "legitimate articulable basis to question the petitioner's credibility, and ... [a] cogent reason for any stated disbelief." *Yan Xia Zhu v. Mukasey,* 537 F.3d 1034, 1038 (9th Cir.2008) (quoting *Wang v. Ashcroft,*

341 F.3d 1015, 1022 (9th Cir.2003)). More particularly, because this is a pre-REAL ID Act case, "[i]t is well settled in our circuit that minor inconsistencies that do not go to the heart of an applicant's claim for asylum cannot support an adverse credibility determination." [1] *Zhu,* 537 F.3d at 1038–39 (quoting *Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005)).

The Immigration Judge's (IJ) reliance on Ban Htoi's delay in referencing the rapes as a basis for the adverse credibility finding is at odds with our circuit precedent. We have held that "cultural reluctance" is a "compelling explanation" for a woman's "failure to mention her rape at an earlier time in the [immigration] proceedings." *Mousa v. Mukasey,* 530 F.3d 1025, 1027–28 (9th Cir.2008) ("That Mousa, a Chaldean Christian woman from Iraq, was not forthcoming with details about her rape is hardly an irreconcilable problem with her asylum application."); *see also Paramasamy v. Ashcroft,* 295 F.3d 1047, 1053 (9th Cir.2002) ("Paramasamy provided a strong, unrebutted explanation for her reluctance to reveal details—her cultural reluctance to tell male interviewers that she had been violated."). Ban Htoi's failure to mention her rapes during the early stages of her immigration proceedings cannot form the basis of an adverse credibility finding.

Because there was no inconsistency in Ban Htoi's testimony regarding her husband, and the remainder of the justifications for the adverse credibility finding did not go to the "heart" of Ban Htoi's claim for asylum, the adverse credibility finding was not supported by substantial evidence. We grant the petition for review and re-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because petitioner filed her asylum application "before May 5, 2005, the provision of the REAL ID Act providing that an adverse credibility finding may be supported by minor inconsistencies does not apply." *Zhu,* 537 F.3d at 1039 n. 1.

548

mand to the BIA for further proceedings consistent with this opinion. Because we reverse on the adverse credibility finding, the BIA must consider the merits of Ban Htoi's claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**

